Mary Morck, as Administratrix, etc., of Christian Morck, Deceased, and Others, Respondents, v. Staten Island Rapid Transit Railway Company, Appellant.— Judgment affirmed, with costs. No opinion. Young, Kapper and Carswell, JJ., concur; Davis, J., dissents and votes for reversal and a new trial in memorandum as follows: The right of plaintiff, as administratrix of the estate of Christian Morck, to recover damages is extremely doubtful as a matter of law. (*Miller* v. *New York Central Railroad Co.*, 226 App. Div. 205; affd., 252 N. Y. 546; *Schrader* v. *N. Y., C. & St. L. R. R. Co.*, 254 id. 148.) The doubtful nature of this case on the facts is illustrated by the fact that on two prior trials juries disagreed. On every litigated issue on this trial the weight of evidence was against the contention of plaintiff, whose evidence, standing alone or but slightly supported, was contradicted by many disinterested witnesses. The judgment should be reversed and a new trial granted. (*White* v. *Lehigh Valley Railroad Co.*, 211 App. Div. 177.) Lazansky, P. J., concurs with Davis, J.

J. Edward Murphy and Others, as Executors, etc., of Michael Murphy, Deceased, Respondents, v. Luverne Realty Corporation and Others, Defendants, and Julius Cohen, Appellant.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Kapper, J., dissents.

The People of the State of New York, Respondent, v. James Rubino, Appellant.— Judgment of conviction of the County Court of Richmond county corrected so as to provide for a sentence of twenty years and a fine of $3,000, and as so corrected unanimously affirmed. The court imposed a bulk sentence for the two crimes. This the court had no power to do. The sentence is, therefore, corrected to the term of twenty years, the maximum for a second offender for the commission of either of the two crimes of which defendant was convicted, and the fine of $3,000, part of the larger fine which might be imposed. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

The People of the State of New York ex rel. Arseekay Syndicate, Inc., Respondent, v. Henry L. Connell and Others, Constituting the Board of Standards and Appeals of the City of New York, Created by Chapter 503 of the Laws of 1916, Appellants.* — Order modified so as to provide that when circumstances so change by development of the neighborhood that the property in question is reasonably susceptible of being applied to a conforming use, then, upon the application of the authorities or any one interested, the gasoline station must be removed; and, as so modified, unanimously affirmed, with costs to respondent. In our opinion, the use of this property for a gasoline station should be only temporary and limited to the present state of development of the neighborhood and should be discontinued when circumstances so change as to reasonably permit a conforming use. (*People ex rel. St. Albans-S. Corp.* v. *Connell*, 257 N. Y. 73, 83.) Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

The People of the State of New York ex rel. George Ericksen, Relator, for a Certiorari Order v. Edward P. Mulrooney, Successor to George V. McLaughlin, Commissioner of the Police Department of the City of New York, Respondent.— Determination of the police commissioner unanimously confirmed and certiorari proceeding dismissed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

* Revd., 265 N. Y. 158.